UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                                                    :
                                                    :
        -v-                                         :          20 Cr. 673 (JPC)
                                                    :
SHAWN GARCIA,                                       :          AMENDED
                                                    :          MEMORANDUM OPINION
                 Defendant.                         :          AND ORDER
                                                    :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On December 21, 2021, this Court sentenced Defendant Shawn Garcia principally to a term of imprisonment of 96 months, to be followed by a three-year term of supervised release.  Dkt. 71 ("Judgment") at 2-3; Dkt. 69 ("Sentencing Tr.") at 50:3-6.  Defendant is currently incarcerated at USP Canaan, with a projected release date of November 18, 2027.  *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Feb. 9, 2024).

Defendant has moved for a reduction of his sentence "[b]ased [o]n [c]hanges [i]n [t]he Sentencing Guidelines [u]nder [c]riminal [h]istory [e]nhancement," appearing to refer to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively, as well as for the appointment of counsel for purposes of pursuing that sentence reduction application.  Dkt. 110 ("Motion").  Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining

whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted"

pursuant to Amendment 821, the Court first "shall determine the amended guideline range that

would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the

defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that,

with an exception not relevant here, "the court shall not reduce the defendant's term of

imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the

amended guideline range determined under subdivision (1) of this subsection." *Id.*

§ 1B1.10(b)(2)(A). Thus, if a defendant was originally sentenced to a term of imprisonment that

falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction

under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

Defendant is ineligible for a reduction in his sentence pursuant to Amendment 821. As

relevant here,[1] Amendment 821 modified the calculation of "status points" under U.S.S.G.

§ 4A1.1. Amendment 821 struck the former "status points" provision, which had been at Section

4A1.1(d), and replaced it with language, now at Section 4A1.1(e), which instructs that, in

calculating a defendant's criminal history, a court must:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a)
> through (d), and (2) committed the instant offense while under any criminal justice
> sentence, including probation, parole, supervised release, imprisonment, work
> release, or escape status.

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,270

(effective Nov. 1, 2023); *accord* U.S.S.G. § 4A1.1(e).

---

[1] Defendant would not be eligible for a reduction of his offense level pursuant to U.S.S.G. § 4C1.1, which also was added as part of Amendment 821. Section 4C1.1 provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. Because Defendant had numerous criminal history points at the time of his December 21, 2021 sentencing, he would not have been eligible for an offense level reduction under Section 4C1.1 were that provision in effect at the time. *See* Sentencing Tr. at 8:22-9:4; Dkt. 60 ("PSR") ¶¶ 46-49.

At sentencing on December 21, 2021, the Court determined Defendant's offense level to be 29 and his Criminal History Category to be V, yielding a Guidelines range of 140 to 175 months' imprisonment.  Sentencing Tr. at 8:1-9:7; *accord* PSR ¶¶ 32-44 (offense level), 46-52 (criminal history), 97 (Guidelines range).  This Criminal History Category of V reflected eleven Criminal History Points, which included two "status points" under the version of Section 4A1.1(d) in effect at the time.  Sent. Tr. at 9:4-6 ("And because he committed this offense while on parole, two more points are added."); *see* PSR ¶ 51 ("The defendant committed the instant offense while under a criminal justice sentence for parole; therefore, two points are added.  4A1.1(d).").  Had Amendment 821 been in effect, Defendant's offense level would have remained 29, but he would have had ten Criminal History Points, because he would have received only one "status point" pursuant to U.S.S.G. § 4A1.1(e).[2]  But ten criminal history points still would have placed Defendant in Criminal History Category V.  Therefore, his Guidelines range would have remained 140 to 175 months' imprisonment.  *See* U.S.S.G. Ch. 5, Pt. A.  Further, Defendant's sentence of 96 months' imprisonment of course fell below the low end of this range.  Defendant therefore is not eligible for a sentence reduction, and his motion for such a reduction is denied.  *See* 18 U.S.C. § 3582(c)(2) (allowing a court to consider a sentence reduction if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)").[3]

Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint

---

[2] This is because Defendant otherwise had nine criminal history points calculated under subsections (a) through (d) of Section 4A1.1 and because he committed the offense in this case while "under [a] criminal justice sentence," specifically a term of parole.  U.S.S.G. § 4A1.1(e); *see* PSR ¶¶ 46-50; Sent. Tr. 8:22-9:6.

[3] Defendant also contends in his motion that he was "sentenced based on acquitted conduct or received [a] sentence that [is] no longer authorized under current law."  Motion at 1-2.  There is no indication that Defendant was sentenced based on acquitted conduct, or that his sentence is not authorized under current law.

counsel. *United States v. Cirineo*, 372 F. App'x 178, 179-80 (2d Cir. 2010) (explaining that "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence," denial of a motion to appoint counsel to assist in filing such motion is an appropriate exercise of the district court's discretion); *accord United States v. Reddick*, 53 F.3d 462, 464-65, 465 n.2 (2d Cir. 1995).  Accordingly, his motion to appoint counsel is also denied.

The Clerk of Court is respectfully directed to close the motion at Docket Number 110 and to mail a copy of this Memorandum Opinion and Order to:

> Shawn Garcia
> Reg. No. 19614-509
> USP Canaan
> U.S. Penitentiary
> P.O. Box 300
> Waymart, PA 18472

SO ORDERED.

Dated: February 12, 2024
    New York, New York

            JOHN P. CRONAN
          United States District Judge